UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MARIN MARIN (A-240-174-181), Petitioner, v. WARDEN OF THE MESA VERDE DETENTION FACILITY, et al., Respondents. | No. 1:26-cv-7749 TLN CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Jorge Marin Marin (A-240-174-181), a native and citizen of Mexico who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and that petitioner be provided with a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. (ECF No. 7-3 at 1.) Petitioner entered the United States on an unknown date at an unknown location without being inspected, admitted or

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

paroled by an immigration officer. (Id.) Petitioner has an outstanding warrant from Mexico. (ECF No. 7-1 at 2.) On August 27, 2026, the Government of Mexico sent the arrest warrant to immigration authorities and requested assistance with apprehension. (Id.) On or around September 3, 2026, petitioner was arrested by immigration officials pursuant to an administrative warrant for his arrest. (ECF No. 7-1 at 2; ECF No. 7-2.) On September 3, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 7-3 at 1.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id.) Petitioner has been detained since September 3, 2026. (ECF No. 1 at 11.) Petitioner has not received a bond hearing. (Id. at 2.)

## II. PROCEDURAL BACKGROUND

On September 18, 2026, petitioner filed his petition for writ of habeas corpus and a motion for appointment of counsel. (ECF Nos. 1, 3.) On September 24, 2026, the district court ordered that pending the court's ruling on the petition for writ of habeas corpus, respondents shall not transfer petitioner out of this district. (ECF No. 5.) The district court referred this matter to the assigned magistrate judge. (Id.) On October 5, 2026, respondent filed an answer to the petition. (ECF No. 7.) Petitioner did not file a traverse. (See Docket.) Briefing is complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)( (INA § 235(b)(1)).

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition to raise a statutory claim challenging his detention pursuant.[3] (See ECF No. 1.) Because respondents argue that petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is entitled to seek a bond hearing before an immigration judge, respondents are not prejudiced by this construction. (See ECF No. 7 at 2-4.)

### A. Statutory Claim

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS

---

[3] The petition raises a prolonged detention in violation of the Fifth Amendment Due Process Clause. (See ECF No. 1 at 16-17.) But where the pro se petitioner has been detained for less than two months and is challenging his detention, the Court construes the petition to raise a statutory claim challenging his detention.

to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under § 1226(a). See Rodriguez Vazquez, 183 F.3d at 1165. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing at the outset of his detention. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

**B. Petitioner's Remaining Claim**

Because the Court recommends granting the petition on the statutory claim, the Court need not address the remaining claim raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's

ruling as to the statutory claim.

**V. PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

**VI. REMEDY**

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026), findings and recommendations adopted, 2026 WL 989345 (E.D. Cal. Apr. 13, 2026) (same). The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding. See J.S. v. Wofford, 2026 WL 125258, at *8; Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2002) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)). At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 125258, at *8 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof).

## VII. CONCLUSION

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be provided with a bond hearing.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to provide petitioner Jorge Marin Marin (A-240-174-181) with a constitutionally adequate bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where petitioner bears the burden of establishing by clear and convincing evidence that petitioner does not pose a danger to the community or a risk of flight. Respondents must provide petitioner and if petitioner has counsel, also petitioner's counsel, with at least **seven (7) days'** notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.

3. Given petitioner's pro se status, respondents be directed to file, within **fourteen days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Marin7749.imm.157.BOND/2